UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMIE L. WEBSTER, et al.                                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 3:24-CV-273-KHJ-MTP

HUSQVARNA PROFESSIONAL PRODUCTS, INC., et al.          DEFENDANTS

ORDER

Before the Court is Plaintiffs Tommie L. Webster and Judy D. Webster's [15]

Motion to Remand. The Court grants the motion.[1]

I.      Background

This case arises from a lawn mower accident.

In 2014, Mr. Webster bought a Husqvarna lawn mower from Defendant

Hometown Hardware, LLC. Compl. [1-1] ¶ 8. The mower had a seat switch—a

safety device designed to stop the mower if the operator left the seat. *Id.* ¶ 10.

Hometown Hardware allegedly serviced and inspected the mower, including the

seat switch, at the time of the sale. *Id.* ¶ 11 (alleging that the owner's manual

required Hometown Hardware to perform a "safety check on the . . . mower's seat

switch to ensure that the mower blades properly disengaged"). Sometime after the

---

[1] The Court therefore finds as moot Plaintiffs' [17] Motion for Leave to Amend; Defendant Husqvarna Professional Products, Inc. and Husqvarna Consumer Outdoor Products, N.A., Inc.'s [25] Motion to Strike; and Defendant Hometown Hardware, LLC's [33] Motion to Dismiss.

sale, Hometown Hardware allegedly serviced and inspected the mower at least two more times. *Id.* ¶ 12.

Hometown Hardware was administratively dissolved in November 2019. [15] at 2; Defs.' Resp. [27] at 2 n.2, 4. "There is no official certificate of dissolution." [27] at 2 n.2. And there is no indication that Hometown Hardware notified unknown claimants of its dissolution. *See id.* at 4 (conceding that Hometown Hardware "may not have provided notice" to unknown claimants).

In July 2021, Mr. Webster fell off the mower while mowing the lawn. [1-1] ¶ 9. The seat switch failed. *Id.* ¶ 10. The mower "continued to move" toward Mr. Webster, "ran over [his] left leg," and "severed it." *Id.* That required an above-the-knee amputation. *Id.*

Mr. Webster and his wife sued in state court in April 2024, asserting negligence, product-liability, and loss-of-consortium claims. *Id.* ¶¶ 13–35. They named three Defendants: Hometown Hardware, Husqvarna Professional Products, and Husqvarna Consumer Outdoor Products. *Id.* ¶¶ 3–5. The Websters and Hometown Hardware are Mississippi citizens. *See id.* ¶¶ 1–2, 6; [27] at 3. The Husqvarna Defendants ("Husqvarna") are not. *See id.* ¶¶ 3–4.

Husqvarna removed the case to this Court. Notice of Removal [1]. It argues that Hometown Hardware was improperly joined because Mississippi's three-year "corporate survival statu[t]e window has passed." *Id.* ¶ 19. The Websters moved to remand, contending that Hometown Hardware did not take the proper "steps to

avail itself of the statutory three-year survival period's protections," so it remains subject to suit. [15] at 7.

II.    Standard

The improper-joinder doctrine is a "narrow exception" to Section 1332(a)'s complete-diversity requirement. *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). A removing defendant "bears a heavy burden" to establish improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). To carry that burden, the defendant must show that there is "no possibility of recovery by the plaintiff against [the] in-state defendant." *Id.* at 573. "Any contested issues of facts and any ambiguities of state law must be resolved in favor of remand." *Palmquist v. Hain Celestial Grp.*, 103 F.4th 294, 304 (5th Cir. 2024) (cleaned up).

III.    Analysis

Husqvarna fails to carry its heavy burden of establishing improper joinder. The Court therefore remands this case.

The Mississippi Limited Liability Company Act sets forth various grounds for administrative dissolution: failure to pay fees, failure to deliver an annual report, and so forth. *See* Miss. Code. Ann. § 79-29-821. When an LLC is administratively dissolved, it has several options:

- It can apply for reinstatement. *Id.* § 79-29-825.
- Alternatively, it can wind up, liquidate its business and affairs, and notify known and unknown claimants. *See id.* §§ 79-29-809, 79-29-817, 79-29-819. As to unknown claimants, the dissolved LLC "may" publish a newspaper notice and file a certificate of dissolution. *Id.* §§ 79-29-819(1), (3). "If" it does so, then

any claim "based on an event occurring after the effective date of dissolution" is "barred" after a three-year period. *Id.* § 79-29-819(3).

- It instead "may" decline to follow that notice procedure. *See id.* § 79-29-819(1). In that case, Section 79-29-819's protections—including the three-year bar—are unavailable to it. *See id.* § 79-29-819.

Hometown Hardware apparently chose the third option. *See* [27] at 2 n.2, 4 (conceding that Hometown Hardware never filed a certificate of dissolution and that it "may not have provided notice" to unknown claimants). So Hometown Hardware remains amenable to suit outside the three-year window.

Husqvarna offers a few responses, but each is unpersuasive.

First, it argues that Section 79-29-819's notice procedure applies only to "entities that voluntarily dissolved." *See* [27] at 1−2. Not so. The statutory text, which Husqvarna never addresses, applies to *any* "dissolved limited liability company." Miss. Code Ann. § 79-29-819; *see also* [27].[2]

Next, Husqvarna pivots to "logic." [27] at 4. It reasons that requiring administratively dissolved LLCs to follow Section 79-29-819's notice procedure would mean that "no diverse defendant would ever be able to remove a case on diversity grounds." *Id.* As Husqvarna sees it, plaintiffs "would simply locate a dissolved, non-diverse corporate entity and claim that it somehow remains amenable to suit." *Id.*[3]

---

[2] Surrounding provisions confirm that Section 79-29-819 applies to both voluntarily and involuntarily dissolved LLCs. *See* Miss. Code Ann. § 79-29-831(5).

[3] The Court fails to see why a plaintiff would hone in on a "dissolved, non-diverse corporate entity," as opposed to any other non-diverse defendant.

4

Not so. To overcome removal, a plaintiff cannot "simply locate" a dissolved LLC; the plaintiff must plead facts establishing a plausible claim against it under the federal pleading standard. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp.*, 818 F.3d 193, 206 (5th Cir. 2016). What's more, in a case where a dissolved LLC followed Section 79-29-819's notice procedure, claims outside the three-year period would be "barred" as a matter of law. *See* Miss. Code Ann. § 79-29-819(3). Husqvarna's atextual "logic" argument fails.

Finally, Husqvarna argues that Hometown Hardware "cannot be liable for Plaintiff[s'] claim which accrued <u>after</u> [the administrative] dissolution." [27] at 7. Husqvarna admits that case law supporting that argument is "sparse." *See id.* Even so, it relies on a nonbinding case concluding that an LLC continues to exist "only with respect to [contractual] agreements it entered into prior to dissolution." *See id.* at 7–9 (quoting *Diamond Scaffold Servs., LLC v. Salt Sols., LLC*, No. 18-CV-470, 2019 WL 2023730, at *2 (S.D. Ala. May 8, 2019)).

But the question is not whether Hometown Hardware could be liable for its post-dissolution acts. The question is whether it may remain liable for its pre-dissolution acts. It may. The statute expressly contemplates liability for claims "based on an event occurring after the effective date of dissolution." Miss. Code Ann. § 79-29-819(3). The classic "example" is a claim "based on personal injuries occurring after dissolution but caused by allegedly defective products sold before dissolution." *See, e.g.*, Model Business Corporation Act § 14.07 cmt. (2016) (discussing meaning of identical provision), https://www.americanbar.org/

5

content/dam/aba/administrative/business_law/corplaws/2016_mbca.authcheckdam.p
df. To the extent there is any ambiguity or doubt, the Court must construe it in
favor of remand. *Palmquist*, 103 F.4th at 304.

In short, Husqvarna has not carried its "heavy burden" of establishing that
there is "no possibility of recovery" against Hometown Hardware. *Smallwood*, 385
F.3d at 573−74. The Court therefore remands this case.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have
changed the outcome. For the stated reasons, the Court GRANTS Plaintiffs' [15]
Motion to Remand; FINDS AS MOOT Plaintiffs' [17] Motion for Leave to Amend,
Husqvarna's [25] Motion to Strike, and Hometown Hardware's [33] Motion to
Dismiss; and REMANDS this case to the Circuit Court of Hinds County.

SO ORDERED, this 11th day of July, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE